In the Matter of the Estate of CAROLINE CARY, Deceased.

Surrogate's Court, Suffolk County, March 1, 1937.

*Cardozo & Nathan [Aristotle Somal and William O. Robertson* of counsel], for the President and Directors of the Manhattan Company, as trustees, etc.

*Bertram L. Marks,* for the objectant, Louise H. Dodd, now Louise Dodd Morse.

PELLETREAU, S. The sum of $1,180.59 came into the possession of the trustee herein; sixteen days thereafter, and on August 1, 1932, $1,100 thereof was invested by the trustee in a participation certificate in a bond and mortgage of $55,000 covering property in New York city. The beneficiary, a minor, became of age May 18, 1935. The aforesaid mortgage became due and payable May 26, 1936. The mortgage is in good standing but cannot be foreclosed for non-payment of principal. The moratorium suspending foreclosure of mortgages for non-payment of principal first went into effect August 26, 1933, and is still in force. I think the investment was legal when made and that the trustee should not be charged with impounding the funds because of inability to collect the principal under the circumstances in this case before the time of the beneficiary becoming of age. Practically it is almost impossible for a trustee to invest moneys with absolute certainty of liquidation of investment upon the termination of a trust. First mortgages of the type of the one in question have long been considered desirable as investments for trust funds and the law approves same. A leading case applying to a situation similar to this matter is *Matter of*

*Flint* (240 App. Div. 217, 226, opinion by Justice CARSWELL). I note therein the following expression which is most pertinent as affecting mortgage securities during the recent depression: " The law is not unmindful of common knowledge. Conservative men of sound discretion in managing their own affairs with what then seemed prudence and foresight during this period have had experiences similar to that of the trustee here. The law is reasonable in its exactions. The law does not exact prescience of a trustee." I do not think that the facts in *Matter of Blake* (146 Misc. 780) justify a contrary conclusion in this case.

The objections are dismissed, with costs payable from the trust. Submit decree.